**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT E. MURPHY,

    Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, DAVID R.
MCKUNE, and CARLA STOVALL,
Attorney General of Kansas,

    Respondents-Appellees.

No. 01-3288

(D.C. No. 98-CV-3226-DES)

(D. Kansas)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2).  The case is, therefore, ordered

submitted without oral argument.

Robert E. Murphy, a state prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

corpus petition. Mr. Murphy was convicted of attempted rape and sentenced to three to ten years' imprisonment. His conviction was affirmed on direct appeal. In his habeas petition, Mr. Murphy contends that (1) the prosecution knowingly used perjured testimony and manufactured evidence, (2) the trial court improperly excluded evidence, and (3) his counsel provided ineffective assistance. The district court denied the petition. We have jurisdiction under 28 U.S.C. § 1291 and, for the reasons set forth below, deny the application for a COA and dismiss the appeal.

To qualify for a COA, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Murphy may make this showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions raised deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Mr. Murphy claimed on direct appeal that the evidence was insufficient and the State failed to prove the requisite intent. The Kansas Court of Appeals affirmed his conviction, and the Kansas Supreme Court denied review. These issues are not before this court.

In his state post-conviction proceedings, Mr. Murphy alleged the grounds raised in his § 2254 petition. The state court held an evidentiary hearing and concluded that Mr. Murphy had failed to demonstrate any violation of his rights.

"In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions de novo," keeping in mind that "our review of the state court's proceedings is quite limited." Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999). The district court, in a thorough memorandum and order, considered each of Mr. Murphy's claims on the merits and concluded that Mr. Murphy could not demonstrate that the Kansas

> state court had reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case.

Rec. doc. 29, at 2 (dist. ct. order filed on Aug. 10, 2001, at 2) (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

We agree with the district court. Nothing in Mr. Murphy's briefing nor the record on appeal calls into question the soundness of the district court's conclusions. We do not find it debatable that the district court erred in its assessment. Therefore, for substantially the same reasons set forth in the district

court's memorandum and order, we DENY petitioner's application for a COA, and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge