F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. MURPHY,

      Petitioner - Appellant,

v.

DAVID R. MCKUNE; ROGER
WERHOLTZ,

      Respondents - Appellees.

No. 04-3289
(D.C. No. 03-CV-3169-MLB)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Robert Murphy, a pro se state prisoner, seeks a

Certificate of Appealability ("COA") enabling him to appeal the district court's

denial of his 28 U.S.C. § 2241 motion for habeas relief. Mr. Murphy argues his

sentence has been unlawfully executed in that (1) his conditional release date has

been prejudicially altered by an ex post facto application of a state regulation, and

(2) his sentence was unlawfully aggregated with a prior sentence that had

previously been discharged, resulting in him serving beyond his maximum term.

Because we conclude that Mr. Murphy has not made a "substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

In 1980, Mr. Murphy was convicted of rape in Kansas state court and given a five to 20 year sentence. After serving several years of this sentence, he was released, and in 1990 he received a "full and complete discharge." A little over three years later, he was convicted of attempted rape and sentenced to three to ten years imprisonment. Upon being transferred to the Kansas Department of Corrections, the two sentences were aggregated resulting in a final controlling term of eight to 30 years. Mr. Murphy then began a long and complicated review process seeking relief from his conviction and sentence.

Initially, he filed a direct appeal, and his conviction was affirmed by the Kansas Court of Appeals. Next, he filed a Motion for Modification of Sentence asserting, among other things, that his sentence was unlawfully aggregated, which was denied. In 1995, he filed his first state habeas petition claiming various constitutional violations based on evidentiary grounds and ineffective assistance of counsel. The state district court denied the petition and the Kansas Court of Appeals affirmed two years later. Before the state appellate court ruled on his state habeas petition, Mr. Murphy filed his first federal habeas petition under 28 U.S.C. § 2254, but the district court denied the petition for failure to exhaust state remedies. Immediately after his state habeas petition was denied, he again filed a federal habeas petition under 28 U.S.C. § 2254 raising the same issues he raised

in his state habeas petition.  The district court denied this second petition on the merits, and we denied a COA and dismissed Mr. Murphy's appeal.  Murphy v. Hannigan, 37 Fed. Appx. 346 (10th Cir. Feb. 15, 2002).

Mr. Murphy then filed a second state habeas petition claiming a Fifth Amendment violation and that his conditional release date was wrongly calculated.[1]  After being heard in various state courts, his constitutional challenges were dismissed on the merits and his calculation argument was dismissed for failure to exhaust administrative remedies.  Around this same time, Mr. Murphy filed a 42 U.S.C. § 1983 action in federal district court asserting similar arguments.  The district court similarly rejected the Fifth Amendment claim and held that the sentence calculation argument was not properly raised under section 1983.

During the first part of 2002, Mr. Murphy pursued administrative remedies asserting an ex post facto argument and challenging the calculation of his conditional release date.  After being denied relief, he filed a third state habeas petition asserting that his sentence was unlawfully aggregated, and that even if the aggregation was lawful, his conditional release date was improperly calculated.  The petition was dismissed for lack of jurisdiction as it was not

---

[1]All of the filings related to this petition do not appear to be in the record so the exact timing and contents of this petition are less than clear.

brought in the proper county. Rather than appeal the decision or file in the proper county, Mr. Murphy then filed an original habeas action in the Kansas Supreme Court again asserting ex post facto and conditional release calculation arguments, but omitting his unlawful aggregation claim. The petition was summarily denied.

In early 2003, Mr. Murphy revived his aggregation challenge in a Motion to Correct Illegal Sentence. In response, the state district court wrote him a letter indicating that while the court's records showed his 1980 conviction was completed in 1990, it lacked jurisdiction to consider the motion as it was filed in the wrong county. Less than two months later, Mr. Murphy filed the present federal habeas petition under 28 U.S.C. § 2241. He again asserted various constitutional violations resulting from the calculation of his conditional release date, including an ex post facto argument, but he only raised his unlawful aggregation claim in response to the State's brief.

Noting that Mr. Murphy was likely in violation of various procedural requirements, the district court rejected his conditional release arguments, including the ex post facto claim, on the merits and held that the unlawful aggregation argument was procedurally barred. Mr. Murphy now seeks from this court a COA allowing him to challenge the resolution of his ex post facto and unlawful aggregation claims.

For this court to grant a COA, Mr. Murphy must make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). Where the district court denies a habeas petition on the merits, a COA is properly granted where the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack</u>, 529 U.S. at 484. Similarly, where the district court denies the petition on procedural grounds a COA is properly granted where "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>

The district court's denial of Mr. Murphy's ex post facto claim is not reasonably debatable. Mr. Murphy claims the Kansas Department of Corrections unlawfully applied a regulation enacted after his sentence was imposed that adversely impacted his conditional release date. However, as the district court noted, his conditional release date was calculated when he was transferred into the Department's custody, well before the regulation was amended, and has remained virtually unchanged since that time. Indeed, the one minor alteration–a one month extension imposed as a disciplinary measure – has not been challenged.

Likewise, the district court's holding that the unlawful aggregation claim is

procedurally barred is not reasonably debatable. "This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a miscarriage of justice.'" Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration in original) (citation omitted). Mr. Murphy raised his unlawful aggregation argument no less than three times during the course of his state court proceedings, and each time he received an unfavorable judgment. However, he failed to seek further review in the Kansas appellate courts of any of these rulings. Thus, he did not exhaust his available state remedies, which, due to the passage of time, has resulted in a procedural default. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); see also Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding exhaustion requirement applies to § 2241 petitions as well as to § 2254 petitions).

Mr. Murphy concedes that his claim is procedurally barred, but insists that he comes within the miscarriage of justice exception. This exception "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." Schlup v. Delo, 513 U.S. 298, 324 (1995). And in light of these interests, the Supreme Court has "explicitly tied the miscarriage of justice exception to the petitioner's innocence." Id. at 321. Mr. Murphy makes no claim

of factual innocence.  Rather, he simply contends his otherwise lawful sentence was improperly calculated.  As such, the miscarriage of justice exception to procedural bar is not properly applied in this case.  Id. at 324 ("The threat to judicial resources, finality, and comity posed by claims of actual innocence is thus significantly less than that posed by claims relating only to sentencing.").

Accordingly, we deny COA, deny all pending motions, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge